FLORENCE E. DARTER ET AL. *v.* R. R. SPEIRS, GUARDIAN, ETC.

1. GUARDIAN AND WARD. *Expenditure for support. Probate jurisdiction.*
   Under Code 1880, § 2111, the chancery court cannot ratify a guardian's expen-
   ditures for the maintenance of his ward who has parents, but a precedent
   order is necessary.

2. SAME. *Advancement of necessaries. Equity jurisdiction.*
   The result in such a case, it seems, would be the same if the guardian ex-
   pended his own money and by original bill sought reimbursement out of his
   ward's estate which was to come into his hands.

APPEAL from the Chancery Court of Lowndes County.
HON. F. A. CRITZ, Chancellor.

The appellants, minors, and their widowed mother, with whom
they lived, were very poor. A small annual income was collected by
their guardian, who filed an account on January 2, 1882, covering
the time between July 1, 1880, and July 1, 1881, and containing
items for this income paid the mother for the maintenance of the wards.
These items were disallowed by the court for the period subsequent
to November 1, 1880, because no previous order appeared, as
required in Code 1880, § 2111.　By accident the court failed to
make an order when asked on July 26, 1882, and the appellee,
finding his wards and their mother destitute, again assumed the risk,
although in no manner related to these persons, and gave the
mother the income for the time between July 1, 1881, and July
1, 1882.　He then filed another petition bringing the matter to
the court's attention, and the minors answered by guardian *ad litem.*
When the facts were developed in evidence, the court decreed, in
accordance with the appellee's prayer, that he might reimburse him-
self for his advances out of the funds of the guardianship.

*William Baldwin*, for the appellants.

The statute, Code 1880, § 2111, requires an examination of the question of expenditure for support in advance of the guardian's action. A precedent order is essential. The necessity for the expenditure and the amount to be expended must be fixed by decree. This statute should not be construed more liberally than the one about exceeding the income. *Frelick* v. *Turner*, 26 Miss. 393. A court of chancery cannot ignore a positive statute and apply equitable rules to matters connected with infants' property. In cases of this kind, the jurisdiction is special and limited. Statutory law, and not the Chancellor's discretion, constitutes the protection of minors. A guardian's bill for reimbursement is not maintainable.

*Humphries & Sykes*, for the appellee.

In the administration of its probate jurisdiction the court has a discretion. A fair construction of Code 1880, § 2111, will allow subsequent approval of a judicious application of the ward's income. Its object is to cast the burden of proof on the guardian. But the court has power to relieve as an equity tribunal, regardless of the statute. *Whipple* v. *Dow*, 2 Mass. 415; *Stewart* v. *Lewis*, 16 Ala. 734; *Alston* v. *Alston*, 34 Ala. 15; *Myers* v. *Myers*, 16 Am. Dec. 648, 662, and note. Equity, in a proper case, can reimburse, out of an infant's income, a person who has made advances for the maintenance of the infant.

CHALMERS, J., delivered the opinion of the court.

Section 2111, Code 1880, declares that "the guardian of a minor, who has a father or mother, shall not expend anything for the support or education of the ward until the court or the Chancellor in vacation shall have ordered, that expenditure for that purpose shall be made by the guardian." This language plainly contemplates a precedent order by the court or Chancellor, and deprives the court of the power to ratify and sanction such expenditures by a subsequent order. Unless the order precedes the expenditure, the latter is condemned by the statute and cannot be made valid by any subsequent ratification. Such has been the settled construction, by numerous decisions, of § 2103 of the Code, with reference to expend-

itures in excess of the ward's income, à construction which was adhered to under circumstances of great hardship in the case of *Boyd* v. *Hawkins,* 60 Miss. 277. The section with reference to expenditures on behalf of wards with living parents (§ 2111) seems much more clearly to require a precedent order sanctioning the expenditure than § 2103, with regard to exceeding the income. No tenable reason can be given for affixing different constructions upon the two statutes. It is insisted that a stranger who furnishes necessaries to a minor can make the estate of the minor liable, and that a guardian, by an original bill, under the same circumstances, must have the same right. It is shown by the record in this case that the guardian did not furnish his own money but that of the wards in his hands, but the result would be the same where he advanced the money expecting reimbursement out of the estate to come into his hands. Any other construction would nullify the statute. *Boyd* v. *Hawkins, ubi supra.*

*Reversed and remanded.*