## Ex Parte Fannie G. George, Guardian.

1. **Guardian.** *Allowance for support of ward. Section 2111, Code of 1880, construed.*

    Section 2111, Code of 1880, in relation to the guardianship of minors, provides that: "If the minor has a father or mother, the court shall determine whether the expense of maintaining and educating the ward shall be borne by his guardian or not, and how much may be so expended, and the guardian of a minor, who has a father or mother, shall not expend anything for the support or education of the ward until the court or the Chancellor in vacation shall have ordered that expenditure for that purpose shall be made by the guardian." Under this provision the chancery court cannot, where the operation of the statute is unaffected by testamentary provisions, allow an account for expenditures made by a guardian for his ward without a precedent order of court, even though it be shown that the expenditures were entirely proper, and that a previous order authorizing the same should have been granted if asked for.

2. **Same.** *Provision in will. Effect on § 2111, Code of 1880. Case in judgment.*

    B. died, leaving a will, the first two provisions of which were as follows: 1. "I give to my wife, F., and my two children, all my estate, to be equally enjoyed by them." 2. "I appoint my wife, F., guardian of my children, and empower her to sell any property, real or personal, in which they may be interested, without any order of the chancery court." F. made expenditures for board, tuition, and medical attention for her wards without a previous order of court therefor. The court refused to credit her with such expenditures in her account against her wards. It was proven that the testator, at the time of making his will, knew that his widow would have no property except that left by him, and that his estate would not be sufficient to maintain her and his children in the style in which he had kept them. *Held,* that the two provisions of the will quoted do not dispense with the requirement of the statute above set out, that the guardian should have an order of court before making such expenditures.

Appeal from the Chancery Court of Carroll County.

Hon. R. W. Williamson, Chancellor.

In 1877, W. R. Barksdale died, leaving a widow, Fannie G. Barksdale, and two minor children, Mary G. and Bettie J. Barksdale. He left a will, the first two articles of which were as follows:

1. "I give, bequeath, and devise to my dearly beloved wife and

my two children, all my estate and property, of whatever kind, after the payment of my just debts, to be equally enjoyed by them, each having an equal interest therein."

2. " I nominate and appoint my wife, Fannie G. Barksdale, testamentary guardian of my children, and empower her to sell and dispose of any property, real or personal, which may belong to my said children, or in which they may be interested, without any order of the chancery court, provided only such sale or disposition shall be advised or approved by either of the following-named persons : Hickman H. Barksdale, Warren F. Barksdale, or James Z. George."

The guardian filed regular annual accounts, and in May, 1885, filed her fourth account, and prayed that this and the accounts previously filed be allowed. There were charges against the wards for expenditures for board, clothing, washing, tuition, and medical attendance, made without any previous order of court. The Chancellor refused to allow all such items furnished after November, 1880, when the code enacted that year went into effect.

It was shown in evidence that the estate of W. R. Barksdale was worth about twelve thousand dollars, and that he knew at the time of making his will that the income from this estate was not sufficient to maintain his family in the style in which they had been accustomed to live in his lifetime, and that he knew that the widow had no means except what he left her.

The guardian, Fannie G. George (*née* Barksdale), appealed.

*J. Z. George,* for the appellant.

1. It will be noted that the two provisions of § 2111, Code of 1880, though contained in the same section, are perfectly independent, each having a separate and distinct purpose and end in view.

The first relates solely to the action of the court—as prescribing both a power and *a duty* to the court. The second relates solely to the action of the guardian—*eo nomine* and *in that character.* Each of these might have appropriately been in a separate section or embraced in one. The object of the first was to remove any doubt that might exist, or to possibly change an existing rule, as

to the duty of maintaining wards who had a father or mother living.

Under the practice in this State, the charge of maintaining wards had been made chargeable on their separate estates, though they had a father or mother living. Under the English system, the practice on this subject was various when there was a father, though uniform when there was a widowed mother only. See White & Tudor's Leading Cases, vol. 2, part 2, p. 1472 *et seq.*, 4th Am. from 4th London edition.

2. There can be no policy of good to be subserved in forcing this second provision into a meaning which will limit the ample power granted in the first. It can make no difference in honesty and in good faith in administering the wards' estate, whether what is fit and proper to be spent for them *shall be determined before or after* expenditure. His rights are as fully protected by the one rule as by the other. When an expenditure of the income of a ward has been reasonably and properly made by his guardian for his support and education ; when he has received the full benefit of it, and in a proper way ; when there has been no waste—no entrenchment upon the *corpus* of his estate, but the expenditure has been out of gains or income made by the guardian, it does seem that there ought to be some positive and unequivocal enactment in order to place all this on the guardian's private estate.

*W. P.* and *J. B. Harris*, on the same side.

The will takes the matter of expenditure for the ward out of the operation of the 2111th section of the code in the same way and for the same reason that it takes the subject of the sale by the guardian of the ward's real estate out of §§ 2112, 13, 14. These last are equally explicit and imperative, yet the second paragraph of the will undeniably takes the subject out of the influence of these sections by empowering the guardian to sell without any order of court.

The section in question here, like almost every provision in the law of administration of estates of deceased persons and minors, is subject to an almost unrestricted testamentary power to dispense with them by furnishing or prescribing a law of

administration paramount, which takes the place of the statutory provision.

The power of a testator to place the charge of maintaining and educating his children on the property devised or bequeathed to them by him, without regard to the statute, cannot be questioned. If he, being the father, gives them an estate, and expressly, or by necessary implication, charges upon the estate so given the expense of their support, the question of charge or no charge is decided by an authority superior to the statute and the court of chancery.

*W. P. Harris* also made an oral argument.

ARNOLD, J., delivered the opinion of the court.

*Darter* v. *Spiers*, 61 Miss. 148, is conclusive against the guardian, unless the imperative rule prescribed by § 2111 of the Code of 1880, that "if the minor has a father or mother, the court shall determine whether the expense of maintaining and educating the ward shall be borne by his guardian or not, and how much may be so expended, and the guardian of a minor, who has a father or mother, shall not expend anything for the support or education of the ward until the court or the Chancellor in vacation shall have ordered that expenditure for that purpose shall be made by the guardian," is dispensed with by the will of W. R. Barksdale.

We cannot construe this will to have such effect. The first clause of the will simply vests the estate of the testator in his widow and two children, and defines the interest of each therein. The second clause of the will authorizes the guardian to sell or dispose of any property which may belong to the children, or in which they may be interested, without any order of the chancery court for that purpose, but it does not provide or suggest how the proceeds derived from a sale or disposition of the property shall be expended, or that the guardian shall, in any other respect, be relieved from the authority and control of the chancery court.

*Affirmed.*