CHAPMAN v. PENTECOST.

(Division B. Nov. 9, 1931.)

[137 So. 539. No. 29522.]

Hill & Hill, of Tupelo, for appellant.

Gardner, **Odom** & **Gardner,** of Greenwood, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee is the guardian of the minor, Clarence Pentecost. The said ward, at the time herein mentioned, was residing with his father and mother, both then living. The said guardian, without any precedent order of the court, entered said ward in the private school of appellant and gave her guardian's check for three hundred forty-four dollars and seventy-five cents, entrance and tuition fee. A few days thereafter the ward was withdrawn from the school, payment on the check was intercepted, and thereafter appellant, the payee in the check, brought suit against appellee as guardian to recover the amount of said check; and the chancellor denied recovery.

Section 1877, Code 1930, section 2414, Code 1906, reads as follows: "If the ward have a father or mother, the court, or chancellor in vacation, shall determine whether the expense of maintaining and educating him shall be borne by his guardian or not." Under this statute, it has long been the settled law that a precedent order of the court or chancellor is necessary and that the court cannot thereafter make an order of ratification. The salutary purpose of the statute is evident, and its enforcement must be imperatively upheld for the accomplishment of its purpose. Darter v. Speirs, 61 Miss. 148; Ex parte George, 63 Miss. 143; Boyd v. Hawkins, 60 Miss. 277.

Affirmed.